BEER, Judge.
This case involves a claim by Raymond Rochon for damages resulting from his alleged injury occasioned by a two car collision in the early morning hours of October 24, 1973 on US Highway 90 just west of Rayne, Louisiana.
Rochon’s vehicle was struck from the rear by a taxi cab owned by Morgan’s Taxi Company and driven by their employee, Abraham Jeffers.
Despite the obvious first impression implications which the physical factors would indicate, the able District Judge concluded that this was not a usual rear end collision but one resulting from unusual circumstances which bar plaintiff’s recovery. We affirm.
*262 Rochon admitted that he spent the night and early morning “chasing women” while “hanging out” at a nightclub known as Flea’s & Lee’s in Crowley, but denies having had anything at all to drink throughout the evening and early morning. He contends that he spent most of the time “hanging around” or “riding around”.
The accident occurred at about 5:00 a. m. Jeffers, the taxi driver, testifies without equivocation that Rochon engaged in horseplay on the highway. His alleged antics consist of speeding up, passing the cab, and then once in front of it, jamming on his brakes in order to force a quick stop on the part of the taxi cab. There was conflicting testimony on this important issue. The District Judge made a credibility determination, believing the version recited by Jeffers.
The physical facts described by the investigating state trooper, Darby D. Vero-nie, confirmed the trial court’s finding that plaintiff’s automobile left forty-seven feet of discernible skid marks on the highway and that the taxi cab left forty-four feet of discernible skid marks on the highway, both sets terminating in the area of the impact.
We find no merit in plaintiff-appellant’s contention that trooper Veronie testified beyond his capacity as investigating officer. His testimony simply confirms the length, location, and termination of skid marks in question leaving the able District Judge to make such conclusion as he deemed warranted. He concluded that Rochon was negligent and we agree.
Having determined that Rochon was guilty of negligence proximately causing the accident which forms the basis for this claim, we need not give consideration to the alleged injuries occasioned to him. The judgment of the District Court is affirmed at appellant’s cost.
Affirmed.